IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NANCY E. SERRANO,

**Plaintiff**

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

**Defendant**

**CIVIL NO**. 08-1312 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Michael J. Astrue's (the "Commissioner") Motion to Dismiss. (Docket Nos. 8 and 9). For the reasons set forth below, the Court **GRANTS** the Commissioner's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 1, 2001, Nancy Serrano ("Plaintiff") filed an application for a period of disability and Disability Insurance Benefits, which was denied at the initial and reconsideration levels. (Docket No. 9, p. 1 and Docket No. 9-2, p. 10). On October 2, 2001, Plaintiff timely filed a request for an administrative hearing to review the decision not to reconsider. (Docket No. 9-2, p. 10). On February 9, 2005, Administrative Law Judge ("ALJ") Soloman Goldman held an administrative hearing. (Id., p. 2). On

Civil No. 08-1312 (JAG)                                                    2

April 18, 2005, the ALJ denied Plaintiff's claim for benefits under Title II of the Social Security Act,[1] as amended, and mailed a copy to Plaintiff. (Docket No. 9-2, p.2). The Notice of Decision informed Plaintiff that she was not entitled to a period of disability and Disability Insurance Benefits, and, if she wished to request that the ALJ's decision be reviewed by the Appeals Council, she had to do so within sixty (60) days from the date she received that notice.[2] (Docket No. 9, p. 2 and Docket No. 9-2, p. 4).

On September 18, 2006, Plaintiff requested a review of the ALJ's decision. (Docket No. 9, p. 2). On January 25, 2008, the Appeals Council dismissed Plaintiff's request for review, due to her failure to timely file a request for review and show good cause for her delay. (Docket No. 9, p. 2 and Docket No. 9-2, p. 20).

---

[1] Title II of the Social Security Act, 49 Stat. 622, as amended, 42 U.S.C. § 401 et seq., established the Social Security Disability Insurance Program (SSD). Bowen v. City of New York, 476 U.S. 467, 470 (1986). The SSD pays benefits to disabled individuals who have contributed to the program and who, because of a medically determinable physical or mental impairment, are unable to engage in substantial gainful activity. Schweiker v. Chilicky, 487 U.S. 412, 414 (1988); Bowen, 476 U.S. at 470. Title II provides benefits only while an individual's statutory disability persists. Schweiker, 487 U.S. at 414.

[2] The Notice of Decision states: "To file an appeal, you (Plaintiff) must file your request for review within 60 days from the date you get this notice. The Appeals Council assumes you got notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time." (Docket No. 9-2, p. 4). The Notice further states: "If you do not appeal and the Council does not review my (the ALJ's) decision on its own motion, you will not have a right to court review. My (the ALJ's) decision will be a final decision that can be changed only under special rules." (Id., p. 5).

Civil No. 08-1312 (JAG)                                             3

Furthermore, the Appeals Council informed Plaintiff that the dismissal of her request for review is final and not subject to further review. (Docket No. 9-2, p. 19)

On March 14, 2008, Plaintiff filed the present complaint.(Docket No. 2). Thereafter, the Commissioner filed his Motion to Dismiss alleging that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because she failed to exhaust her administrative remedies, as she had not received a "final decision" of the Commissioner. (Docket No. 8). According to the Commissioner, Plaintiff filed her complaint past the allowed sixty (60) day time period. (Docket Nos. 9). On December 1, 2008, Plaintiff opposed the Commissioner's motion. (Docket No. 10).

## DISCUSSION

The Supreme Court has held that "the only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite." <u>Mathews v. Elridge</u>, 424 U.S. 319, 327 (1976). Section 205(g) provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. 42 U.S.C. § 405(g).

The "final decision" required to invoke jurisdiction in a federal

Civil No. 08-1312 (JAG)                                              4

court has been interpreted by the Supreme Court to mean "that the administrative remedies prescribed by the Secretary be exhausted." Mathews, 424 U.S. at 328.

To obtain a judicially reviewable "final decision" regarding entitlement to a period of disability and Disability Insurance Benefits, the claimant must complete an administrative review process.[3] 20 C.F.R. § 404.900(a). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge (ALJ), and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1-4). Once these steps are completed, then the claimant may request judicial review by filing an action in a federal district court. 20 C.F.R. § 404.900(5). During the administrative process, if the claimant does not make the next step within the stated time period, the claimant will lose her right to further administrative review and judicial review, unless she can show that there was a good cause for her failure to make a timely request for review. 20 C.F.R. § 404.900(b).

---

[3] "Where Congress specifically mandates exhaustion of administrative remedies, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992) The purposes for exhaustion are "to protect administrative agency authority and promote judicial efficiency" Id., see also Heckler v. Ringer, 466 U.S. 602, 618 (1984) (citing Weinberger v. Salfi, 422 U.S. 749, 765 (1975), "the purpose of the exhaustion requirement is to prevent premature interference with agency processes and to give the agency a chance to compile a record which is adequate for judicial review").

Civil No. 08-1312 (JAG)                                                5

For a federal district court to obtain subject matter jurisdiction, a claimant must appeal the ALJ's decision within sixty (60) days after the date she received the notice of the hearing decision or dismissal, 20 C.F.R. § 404.968(a)(1), and the Appeals Council must review it. See Bowen, 476 U.S. at 472 (stressing that "[i]f the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council . . . [f]ollowing the determination at each stage, a disappointed claimant is notified that he must proceed to the next stage within 60 days of notice of the action taken or the decision will be considered binding"). The Appeals Council may dismiss the request for review if the claimant does not file the request within the stated period of time, 20 C.F.R. § 404.971, and the ALJ's decision will not be judicially reviewable. 20 C.F.R. § 404.900(b). Nevertheless, the First Circuit has held that an Appeals Council refusal to review the ALJ's decision on an application for social security disability benefits may be judicially reviewable where it "rests on an explicit mistake of law or other egregious error." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). In the present case, Plaintiff does not allege that the ALJ's decision was based on an explicit mistake of law or other egregious mistake. On the contrary, Plaintiff acknowledges the ALJ's decision, and that she was untimely in her request for review. As a result, Plaintiff is seeking for an extension of the sixty (60) days time limit. Thus,

Civil No. 08-1312 (JAG)                                                6

this case does not fit within the First Circuit's exception.

If a claimant files a timely request for review, the Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding and not subject to further review unless the claimant files an action in a federal district court, or the decision is revised. 20 C.F.R. §§ 404.981 and 416.1472. The claimant may file an action in a federal district court within sixty (60) days after the date the claimant receives notice of the Appeals Council's action. 20 C.F.R. § 404.981. The date of the receipt of notice shall be presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c); Piscopo v. Secretary of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *11 (1st Cir. June 27, 1994)(finding that "20 C.F.R. § 422.210(c) creates a rebuttable presumption that the date of receipt is five days after the mailing of such notice unless the plaintiff makes a reasonable showing to the contrary").

A claimant may request that the sixty (60) days time limit for filing a request for review be extended. To do so, (1) the request must be in writing, (2) it must be filed with the Appeals Council, and (3) it must proffer the reasons why the request for review was not filed within the stated time period. 20 C.F.R. § 404.968(b). If

Civil No. 08-1312 (JAG)                                                7

the claimant shows that she has a good cause[4] for missing the deadline, the time period will be extended. Id. Nevertheless, if the Commissioner denies claimant's request to extend the time period for requesting review of a determination or a decision, this determination is not subject to judicial review. 20 C.F.R. § 416.1403(a)(8); see Sims v. Apfel, 530 U.S. 103, 107 (2000) (explaining that "[i]f a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases"); see also Piscopo 1994 WL 283919 at *4 (noting that "[g]enerally, only the Commissioner has the power to grant extensions for good cause"; accord Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (stressing that "42 U.S.C. 405(g) and 20 C.F.R. § 422.210(c) vest exclusive power in the Commissioner to grant extensions for good cause and the district courts have no such authority to extend the time period beyond 60 days").

In the present case, it is undisputed that the ALJ dated and mailed his decision denying review to Plaintiff on April 18, 2005. Under 20 C.F.R. § 422.210(c), the Commissioner is entitled to a rebuttable presumption that Plaintiff received this decision five (5) days later on April 23, 2005. In order to be timely, any action for review of the ALJ's decision must have been commenced sixty

---

[4] Additionally, 20 C.F.R. § 422.210(c), the regulation which implements 42 U.S.C § 405(g), provides: "Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review ... this time may be extended by the Appeals Council upon a showing of good cause.

Civil No. 08-1312 (JAG)                                                         8

(60) days thereafter, i.e. by June 22, 2005. However, Plaintiff filed her request for review of the ALJ's decision on September 18, 2006, five hundred and fourteen (514) days after she received the ALJ's decision, and, after the sixty (60) day limit had expired.

Plaintiff argued before the Appeals Council that good cause exists for missing the sixty (60) day deadline. According to Plaintiff, she did receive a copy of the ALJ's decision, but was not aware of the sixty (60) day period to request a review of the ALJ's decision. Plaintiff further claims that she relied solely on her attorney, Sigfredo Portalatin, to file her appeal because she does not speak English and is advanced in old age. Plaintiff asserted that she was not aware that during the filing period her attorney was suffering from an illness that led to his death on November 10, 2005. Plaintiff further alleged she did not learn that due to her attorney's illness, he failed to file an appeal on her behalf.

The Appeals Council, in its Notice of Order, acknowledged that under 20 C.F.R. § 404.968(b), the time frame may be extended if good cause is shown for missing the deadline, but rejected Plaintiff's attempt to show good cause. The Appeals Council explained that Plaintiff did not show good cause because: (1) the death of Plaintiff's prior representative does not have a bearing on the Plaintiff's responsibility to diligently pursue her claim, (2) the representative's death on November 10, 2005, occurred after

Civil No. 08-1312 (JAG)                                                9

the time for filing had expired,[5] and (3) the Plaintiff had received copy of the unfavorable hearing decision, which specified the appropriate time frame for filing a request for review and the consequences for not doing so within the allotted period. Since the Appeals Council found that there is no good cause, this Court lacks authority to extend the sixty (60) day time frame.[6]

This Court notes, however, that the Supreme Court has recognized that there may be rare circumstances where "the interests of the individual weigh heavily against requiring administrative exhaustion." McCarthy, 503 U.S. at 146. Concerning the Social Security Act, the Supreme Court has stated that in special cases, a federal district court may overturn the Commissioner's decision and grant an extension to the sixty (60) day time period. See Ringer, 466 U.S. at 618 (noting that the Supreme Court has "recognized that in certain special cases, deference to the Secretary's conclusion as to the utility of pursuing the claim through administrative channels is not always appropriate"); see also Bowen, 476 U.S. at 480 (citing Elridge, 424 U.S. at 330). The Supreme Court has carved the following exceptions to the exhaustion requirement: (1) when disability-benefit

---

[5] The death of Plaintiff's attorney occurred on November 10, 2005, two hundred and one (201) days after it was presumed that Plaintiff received the ALJ's April 18, 2005 decision.

[6] According to the regulations, the Appeals Council's determination of not extending the time period is not subject to judicial review. 20 C.F.R. § 416.1403.

Civil No. 08-1312 (JAG)                                                   10

claimants would be irreparably injured[7] if the exhaustion requirement were now enforced against them, Bowen, 476 U.S. at 483; (2) when a claim is raised that is wholly 'collateral' to the claim for benefits, and where the claimant made a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies, Ringer, 466 U.S. at 618(citing Eldridge, 424 U.S. at 330-332)[8]; and (3) when claimant challenges the Commissioner's decision on constitutional grounds, Califano v. Sanders, 430 U.S. 99, 109 (1977). The present case does not fit within any of the Supreme Court exceptions: (1) Plaintiff will not be irreparably injured if the exhaustion of administrative remedies is required, (2) the case does not involve a collateral challenge to the claim for benefits, and (3) Plaintiff does not challenge the Commissioner's decision on constitutional grounds.

Nevertheless, the First Circuit has held that there are "court-created exceptions to the exhaustion requirement." Wilson v. Secretary of Health & Human Servs., 671 F.2d 673, 678 (1982). These

---

[7] In the Bowen case, many individuals had been "hospitalized due to the trauma of having disability benefits cut off." Bowen, 476 U.S. at 484. Thus, the Court found that "[i]nterim benefits would not adequately protect plaintiffs from this harm." Id.

[8] The case involves "a constitutional challenge entirely collateral to a substantive claim of entitlement," Eldridge, 424 U.S. at 330, or "some special damage caused by failure to give a predetermination hearing not recompensable through retroactive payments," Id. at 331.

exceptions are: (1) cases where an agency refused to dismiss a proceeding, or acted in some other way, that is plainly beyond its jurisdiction as a matter of law, and (2) where the agency has otherwise exceeded its statutory or constitutional authority. Id. at 678-679. In the present case, the Appeals Council did not act beyond its jurisdiction, nor exceeded its statutory authority. Accordingly, this case does not fit within the First Circuit exceptions.

In sum, the Appeals Council's decision not to review is not subject to further review. Therefore, Plaintiff failed to complete the fourth step in the administrative review process, that is, the Appeals Council Review. As a result, this Court lacks subject matter jurisdiction over the present case. See Sims, 530 U.S. at 107 (noting that "[i]n administrative-law parlance, a claimant may not obtain judicial review because he has failed to exhaust administrative remedies"); See, e.g., Piscopo, 1994 WL 283919 at *1 (affirming the District Court's ruling that it lacked subject matter jurisdiction because plaintiff failed to file a timely complaint under 42 U.S.C. 405(g)); Wilson, 671 F.2d 673, 676 (holding that there was no jurisdiction in the District Court since the administrative remedies were not exhausted and the case did not fit within any court-created exceptions to the exhaustion requirement).

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** the

Civil No. 08-1312 (JAG)                                                     12

Commissioner's Motion to Dismiss. (Docket Nos. 9 and 9-2). Accordingly, this case shall be dismissed. Judgment shall be entered accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 24th day of March, 2009.


                                                S/Jay A. Garcia-Gregory
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge